## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| KATHLEEN MUNIVE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:16-cv-1075 |
| | ) |
| FAIRFAX COUNTY SCHOOL BOARD, | ) |
| et al., | ) |
| | ) |
| Defendant. | |

### MEMORANDUM OPINION

THIS MATTER comes before the Court on the Motion to Dismiss filed by Defendant Fairfax County School Board ("School Board") and Defendants Debra Reeder, Kevin North, Dr. Jack Dale, and Dr. Phyllis Pajardo (collectively, "Individual Defendants"). This case concerns Plaintiff Kathleen Munive's Complaint alleging that Defendants retaliated against her in violation of Title VII of the Civil Rights Act ("Title VII") and 42 U.S.C. § 1983 ("Section 1983") by refusing to remove a letter of reprimand in retaliation for prior allegations of discrimination lodged by Plaintiff. For the reasons that follow, the Court will grant Defendants' Motion to Dismiss (1) the Title VII retaliation claim against the School Board, (2) the Section 1983 retaliation claim against the Individual Defendants, and (3) the Section 1983 retaliation claim against the School Board.

## I. BACKGROUND

### A. Factual Background

In May 2005, the School Board hired Plaintiff as an Employment Specialist in the Human Resources Division of the Office of Employment. From September 2005 to May 2006, Plaintiff received three commendation letters and a sixth-month evaluation with grades of either "exceeds expectations" or "meets expectations" in every criteria. During this time, Plaintiff's supervisors included Mr. North, Ms. Reeder, and Mr. Fisher. On July 14, 2006, Mr. Fisher informed Plaintiff that she may receive a letter of reprimand, purportedly because Plaintiff overstaffed teachers and lost paperwork. On July 19, Plaintiff alleges that Mr. Fisher threatened Plaintiff with termination and a letter of reprimand if she did not voluntarily transfer out the human resources department and return to the classroom. On July 20, 2006, Mr. Fisher delivered to Plaintiff a letter of reprimand ("Reprimand Letter"). In August 2006, Mr. Reeder placed Plaintiff on administrative leave.

On July 21, 2007, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging gender and race discrimination (the "2007 EEOC Charge"). Subsequently, in August 2007, Plaintiff was reassigned as the department chair and teacher for "English for Speakers of Other Languages" ("ESOL") at Eagle View Elementary School. Plaintiff alleges

that this new position is a significant downgrade in terms of pay and responsibility. Plaintiff further alleges that upon taking the position, she was told the Reprimand Letter would be removed from the record upon her request if she received a satisfactory one-year evaluation.

Beginning on October 22, 2008, after receiving a satisfactory one-year evaluation, Plaintiff wrote to Dr. Dale, the acting Superintendent, requesting his assistance to remove the Reprimand Letter. Dr. Dale denied Plaintiff's October 2008 request to remove the Reprimand Letter. Plaintiff alleges that Defendants were obligated to remove the Reprimand letter, pursuant to school policy, because the letter contained false information. Based on the 2007 EEOC Charge, in February 2010 Plaintiff received a Right to Sue Letter from the EEOC. Plaintiff alleges that she was unable to file a lawsuit for financial reasons.

Two years later, on February 12, 2012, Plaintiff met with Dr. Parjardo, then-Assistant Superintendent of Human Resources, and complained that Plaintiff's annual requests to have the Reprimand Letter removed from her file had been repeatedly denied without explanation. Dr. Parjardo allegedly promised Plaintiff an investigation, but Plaintiff never received any more information concerning an investigation. In February 2013, Plaintiff again complained to Dr. Pajardo about the denial of

3

her requests to remove the Reprimand Letter.  "Pajardo informed [Plaintiff] that HR knew that the Reprimand Letter contained false allegations, but that the Legal Department at [Fairfax County Public School] regarded her case as a 'Litmus Test' and that they were refusing to remove her Reprimand Letter because she had filed an EEOC complaint."  Further, Plaintiff quotes Dr. Parjardo as stating, "If you would have never gone the route of filing the complaint I would have put myself on high alert and been looking and asking more questions about [Plaintiff's] case and seriously would have considered taking the letter out." Plaintiff also alleges that she asked Dr. Parjardo to keep the Reprimand Letter in the legal department's file instead of her personnel file, but that the file was being kept in Plaintiff's personnel file "to inflict maximum damage" on her career. Plaintiff states that she has been repeatedly injured by Defendants' failure to remove the Reprimand Letter, including by being denied two Assistant Principal positions when she was "neck-in-neck" with other candidates but the Letter served as the tiebreaker.

On May 9, 2013, Plaintiff met with Dr. Pajardo and the Assistant Superintendent for Region Leadership Support to repeat her request to have the Reprimand Letter removed.  On June 21, 2013, Plaintiff filed a second EEOC complaint (the "2013 EEOC Charge"), alleging that Defendants' decision to keep the

4

Reprimand Letter in her file constituted retaliation for Plaintiff's 2007 EEOC Charge. Plaintiff alleges that on August 20, 2015, she received a Letter of Determination stating that Defendants had violated Title VII by retaliating against Plaintiff for filing the 2007 EEOC Charge.

On January 2, 2016, Plaintiff emailed the Letter of Determination to the School Board, in addition to emailing it to Fairfax County Public School system's superintendent, deputy superintendent, and assistant superintendent. Plaintiff alleges that in March 2016 each member of the School Board received the Letter of Determination and was informed of Plaintiff's attempts to reach an agreement. Plaintiff stated that her attempt to reach an agreement was ignored.

On May 25, 2016, Plaintiff received a Right to Sue Letter from the EEOC. When Plaintiff met Dr. Parjardo and others on June 21, 2016, Dr. Pajardo allegedly explained that if Plaintiff "had not filed an EEOC complaint outcomes would have been different."

**B. Procedural Background**

Within ninety days of receiving the May 25, 2016 Right to Sue Letter, on August 22, 2016, Plaintiff filed her Complaint. The Complaint alleges retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. The Complaint also alleges that Defendants retaliated against Plaintiff for

5

exercising her First Amendment right to file an EEOC charge in violation of 42 U.S.C. § 1983.

On December 8, 2016, Defendants filed a Motion to Dismiss and supporting memorandum.    On December 29, 2016, Plaintiff filed her Response Brief.    On January 4, 2017, Defendants submitted a reply brief.  On January 23, 2017, Plaintiff filed a Sur-reply, purportedly, to rebut additional case law that Defendants cited in their Reply Brief.    Upon consideration of the Motion, the associated briefs, and the case file, the Court finds that oral argument is unnecessary because the facts and legal contentions are adequately presented and oral argument would not aid in the decisional process.    See Fed. R. Civ. P. 78(b); E.D. Va. Loc. Civ. R. 7(J).    Therefore, Defendants' Motion to Dismiss is now ripe for decision.

## II.  DISCUSSION

### A.  Standard of Review

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal when the court lacks jurisdiction over the subject matter of the action.    Fed. R. Civ. P. 12(b)(1).    In considering a 12(b)(1) motion to dismiss, the burden is on the plaintiff to prove that federal subject matter jurisdiction is proper.    See United States v. Hays, 515 U.S. 737, 743 (1995). One way a defendant may present a 12(b)(1) motion is by attacking the complaint on its face when the complaint "fails to

6

allege facts upon which subject matter jurisdiction may be based." Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

"[A] failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." Jones v. Calvert Gro., Ltd., 551 F.3d 297, 300 (4th Cir. 2009). Dismissing a Title VII claim due to plaintiff's failure to exhaust administrative remedies should be addressed by motion to dismiss for lack of subject matter jurisdiction, but dismissing a claim due to an employee filing an untimely charge of discrimination with the EEOC should be addressed within the context of a motion to dismiss for failure to state a claim. Edwards v. Murphy-Brown, L.L.C., 760 F. Supp. 2d 607, 613-14 (E.D. Va. 2011) (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982)).

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) should be granted unless the complaint "states a plausible claim for relief" under Rule 8(a). Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012) (citing Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)). In considering a Rule 12(b)(6) motion, the Court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc., 637 F.3d 435, 440 (4th

Cir. 2011). No such assumption of truth is afforded to those "naked assertions" and "unadorned conclusory allegations" devoid of "factual enhancement." Vitol, S.A. v. Primerose Shipping Co., 708 F.3d 527, 543 (4th Cir. 2013). Nor is the court obligated to assume the veracity of the legal conclusions drawn from the facts alleged. Adcock v. Freightliner LLC, 550 F.3d 369, 374 (4th Cir. 2008).

The complaint must contain sufficient factual allegations, taken as true, "to raise a right to relief above the speculative level" and "nudge [the] claims across the line from conceivable to plausible." Vitol, 708 F.3d at 543 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)). The facial plausibility standard requires pleading of "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Clatterbuck v. City of Charlottesville, 708 F.3d 549, 554 (4th Cir. 2013) (quoting Iqbal, 556 U.S. at 678). Moreover, "a defense of the statute of limitations may be raised in a Rule 12(b)(6) motion where that defense appears clearly on the face of the complaint." Richmond, Fredericksburg & Potomac R.R. Co. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993).

## B. Analysis

The Court will grant Defendants' Motion to Dismiss (1) the Title VII retaliation claim against the School Board, (2) the Section 1983 retaliation claim against the Individual Defendants, and (3) the Section 1983 retaliation claim against the School Board. Each claim category is addressed in turn.

### 1. Title VII Retaliation Claim Against the School Board

#### (a) Whether the Court Lacks Subject Matter Jurisdiction Over Any Claim Related to the 2006 Reprimand Letter

The Court may exercise subject matter jurisdiction over Plaintiff's Title VII claim.

Defendants' first contention is that this Court lacks subject matter jurisdiction over any claim related to the 2006 Reprimand Letter because Plaintiff may not make an earlier discrete act, for which time has expired, timely by "bootstrapping" it a timely charge.[1] Plaintiff responds that she does not challenge the lawfulness of the 2006 Reprimand Letter itself. Instead, Plaintiff argues that Defendants retaliated against her for filing an EEOC charge by denying her requests to

---

[1] Defendants' jurisdictional argument relies primarily on Mezu v. Morgan State Univ., 367 F. App'x 385, 389 (4th Cir. 2010), but under the facts of this case Mezu provides insufficient legal authority to rule in Defendants' favor as a matter of law. See Hentosh v. Old Dominion Univ., 767 F.3d 413, 417 (4th Cir. 2014) ("Mezu as an unpublished decision is neither controlling nor persuasive here as it conflicts with [Fourth Circuit] published precedent.")

remove the Reprimand Letter from her file. As Plaintiff admits, she received the Reprimand Letter before the 2007 EEOC Charge, and therefore the Reprimand Letter could not have been retaliation for filing the Charge.

The Court lacks subject matter jurisdiction over the Reprimand Letter itself because Plaintiff did not exhaust her administrative remedies with respect to that Letter. See Hentosh v. Old Dominion Univ., 767 F.3d 413, 416 (4th Cir. 2014). However, for purposes of this Motion to Dismiss, the Court will assume that denying Plaintiff's requests are discrete retaliatory acts because Plaintiff alleges that such denials were independent acts of retaliation for engaging in protecting activity.

(b)   Whether Parts of the Title VII Claim are Time-barred

Plaintiff concedes that when the EEOC issued the February 2010 Right to Sue Letter in response to her 2007 EEOC Charge, Plaintiff did not file a lawsuit. In 2010, Plaintiff could have raised a retaliation claim for the first time in federal court without exhausting her administrative remedies if the retaliation was "related to allegations contained in the [2007 EEOC Charge] and [grew] out of such allegations during the pendency of the case before the Commission." Nealon v. Stone, 958 F.2d 584, 590 (4th Cir. 1992). However, Plaintiff argues that a civil rights claim only accrues once the plaintiff knows

10

or has reasons to know of the injury which is the basis of the action. Plaintiff contends she could not have known that she had a cause of action until March 2013 because prior to around that time, Plaintiff did not know that Defendants were keeping the Reprimand Letter in the file to punish her and that she was denied promotions because of the Reprimand Letter. In the alternative, Plaintiff argues that each retaliatory decision to deny her request to remove the Reprimand Letter constitutes a new violation subject to a new statute of limitations period.

At this stage, it is unclear (a) whether the limitations period should be extended to when Plaintiff allegedly "had reason to know of the injury," see A Soc'y Without A Name v. Virginia, 655 F.3d 342, 348 (4th Cir. 2011); or (b) whether the limitations period should not be extended because Plaintiff's requests were "mere requests to reconsider" a prior discriminatory decision, see Delaware State Coll. v. Ricks, 449 U.S. 250, 261 n.15 (1980). The Court need not reach that issue because the Court can resolve the instant motion on other grounds.

(c) *Whether the Refusal to Remove the Reprimand Letter Constitutes a "Materially Adverse Action"*

Plaintiff fails to sufficiently allege a plausible Title VII retaliation claim. Title VII prohibits an employer from both (1) discriminating against an employee on the basis of a

11

protected status, and (2) retaliating against an employee for complaining about prior discrimination. Foster v. Univ. of Maryland-E. Shore, 787 F.3d 243, 249 (4th Cir. 2015) (citing 42 U.S.C. §§ 2000e-2(a)(1), 2000e-3(a)). To state a retaliation claim under Title VII, a plaintiff must plead: (1) that she engaged in protected activity, (2) that her employer took a "materially adverse action" against her, and (3) that a causal relationship existed between the protected activity and the adverse employment activity.[2] Foster, 787 F.3d at 250. Here, the parties dispute only whether Plaintiff has alleged facts sufficient to support the second element, i.e., whether denying Plaintiff's request to remove the Reprimand Letter qualifies as a "materially adverse action." A materially adverse action is one that "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006).[3]

Plaintiff cites to nonbinding authority from other Circuits to support the proposition that a reprimand constitutes a materially adverse action where, as here, it is coupled with the

---

[2] All parties appear to agree that this three-part framework governs Defendants' Motion to Dismiss. (See Defs.' Br. at 8; Pl.'s Resp. at 9.)

[3] The "materially adverse action" standard for a Title VII retaliation claim is somewhat broader than the "adverse employment action" standard for a Title VII discrimination claim. See Hinton v. Virginia Union Univ., 185 F. Supp. 3d 807, 825 (E.D. Va. 2016) (collecting cases).

inability to receive a promotion.    To rebut this proposition, Defendants rely on, among other cases, Hinton v. Virginia Union Univ., 185 F. Supp. 3d 807 (E.D. Va. 2016), and Adams v. Anne Arundel Cty. Pub. Sch., 789 F.3d 422 (4th Cir. 2015).    In Hinton, the Eastern District of Virginia granted the employer's motion to dismiss the employee's retaliation claim because "a reprimand without attached collateral consequences is not 'materially adverse' . . . ."    185 F. Supp. 3d at 831.    In Adams, the Fourth Circuit affirmed the grant of summary judgment in favor of the employer on the grounds that the letters of reprimand did not "qualify as adverse employment actions, because they did not lead to further discipline."    789 F.3d at 429.

Plaintiff attempts to distinguish Hinton and other unfavorable cases on the ground that those cases did not involve collateral consequences; whereas here, Plaintiff alleges that the Reprimand Letter led to her being passed up for promotion to assistant principal.    However, as stated above, this lawsuit does not challenge the lawfulness of the Reprimand Letter itself.    Therefore, any collateral consequences that flow from the Letter do not provide a basis to support adversity element of a retaliation claim.    See Edwards v. Murphy-Brown, L.L.C., 760 F. Supp. 2d 607, 619 (E.D. Va. 2011) ("A party may not attempt to make an earlier discrete discriminatory action, for

13

which time has expired, timely once again by "bootstrapping" it to a timely charge, even if both incidents are related."). When put in context, Plaintiff now challenges Defendants refusal to undo a prior decision -- a decision for which Plaintiff failed to exhaust her administrative remedies and the time to do so has passed. The Court holds that Defendants alleged refusal to remove the Reprimand Letter does not constitute a "materially adverse action" because the possibility that an employer might undo its prior decision to place such letter in Plaintiff's personnel file would not "dissuade[] a reasonable worker from making or supporting a charge of discrimination." See Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006).

Because Plaintiff fails to allege a Title VII retaliation claim upon which relief can be granted, the Court will grant Defendants' Motion to Dismiss Count I.

## 2. Section 1983 Retaliation Claim Against the Individual Defendants

### (a) Whether Parts of the Section 1983 Claim are Barred by the Statute of Limitations Under Virginia Law

Any events that occurred more than two years before Plaintiff filed her Complaint are barred by the statute of limitations.

Although Section 1983 itself does not provide a limitations period, the Supreme Court and Fourth Circuit have determined

14

that the appropriate statute of limitations period will be borrowed from state law. Rancho Palos Verdes v. Abrams, 544 U.S. 113, 123 n.5 (2005); A Soc'y Without A Name v. Virginia, 655 F.3d 342, 348 (4th Cir. 2011). Based on Virginia's statute of limitations for personal injuries, a plaintiff must bring a Section 1983 claim within two years of when the claim accrues. A Soc'y Without A Name, 655 F.3d 342 at 348.

Here, Plaintiff initiated this lawsuit on August 22, 2016. Plaintiff appears to concede that only claims arising within two years of filing the lawsuit occurred within the statute of limitations for purposes of her Section 1983 claim. Accordingly, this Court will evaluate the Section 1983 retaliatory claim against the Individual Defendants and School Board by focusing on only those events that occurred since August 22, 2014.

> (b) *Whether Any of the Individual Defendants' Actions Within the Statute of Limitations Creates a Cognizable Section 1983 Claim*

Plaintiff's Complaint involves only a handful of the events that allegedly occurred since August 2014, and none of these events creates a cognizable Section 1983 claim against the Individual Defendants.

In order to state a claim under Section 1983, a plaintiff must allege (1) a deprivation of a right or privilege secured by the Constitution and laws of the United States, and (2) that the

deprivation was caused by an individual acting under color of state law.   West v. Atkins, 487 U.S. 42, 48 (1988). Establishing individual liability under Section 1983 requires an affirmative showing that the defendant personally acted to deprive the plaintiff of her rights.  See Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).   Further, a "retaliation claim under 42 U.S.C. § 1983 must establish that the government responded to the plaintiff's constitutionally protected activity with conduct . . . that would chill or adversely affect [her] protected activity."  The Baltimore Sun Co. v. Ehrlich, 437 F.3d 410, 416 (4th Cir. 2006); see also Int'l Ass'n of Machinists & Aerospace Workers v. Haley, 482 Fed. App'x 759, 764 (4th Cir. 2012).

Here, the Complaint alleges that Defendants retaliated against Plaintiff for exercising her First Amendment right to file an EEOC charge and that, as a result, Plaintiff lost job opportunities.      Within the two-year limitations period, Plaintiff alleges that on January 2, 2016 she emailed the EEOC Letter of Determination to the School Board, in addition to the school system's superintendent, deputy superintendent, and assistant superintendent.  Plaintiff also alleges that in March 2016 she attempted to reach an agreement with School Board members and was ignored.  After receiving a Right to Sue Letter from the EEOC on May 25, 2016, Plaintiff attended a meeting with

16

Dr. Parjardo and others.   In that meeting, Dr. Pajardo allegedly stated that if Plaintiff "had not filed an EEOC complaint outcomes would have been different."

The alleged inaction that occurred since August 2014, which appears to have involved only one of the Individual Defendants (Dr. Pajardo), does not constitute an action that would adversely affect Plaintiff's protected activity.   A simple statement that outcomes would have been different does not "nudge [the] claims across the line from conceivable to plausible."   Vitol, 708 F.3d at 543 (quoting Twombly, 550 U.S. at 555, 570).   The other allegations involving post-August 2014 incidents amount to Defendants simply ignoring Plaintiff's repeated requests.

Because Plaintiff fails to allege a cognizable Section 1983 claim against the Individual Defendants, the Court will grant Defendants' Motion to Dismiss Count II as to those Defendants.

### 3. Section 1983 Claim Against the School Board

The reasons stated above for why Plaintiff fails to state a plausible Section 1983 claim against the Individual Defendants also apply to the School Board.   In addition, Plaintiff fails to state a plausible Section 1983 claim against the School Board because she fails to sufficiently allege it is subject to municipal liability.

17

Generally, a municipality (including a school board) cannot be held liable for a Section 1983 violation solely because an employee causes an injury. Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 694-96 (1978). Liability arises only where the constitutionally offensive acts of employees are taken in furtherance of some municipal "policy or custom." Id.; Milligan v. City of Newport News, 743 F.2d 227, 229 (4th Cir. 1984). "A policy or custom for which a municipality may be held liable can arise in four ways: (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train [employees], that manifests deliberate indifference to the rights of citizens; or (4) through a practice that is so persistent and widespread as to constitute a custom or usage with the force of law." Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003) (citations and internal quotation marks omitted). Furthermore, even where such a "policy" of municipal inaction might be inferred, it must still be shown to have been the "moving force of the constitutional violation." Milligan, 743 F.2d at 230.

Here, Plaintiff contends that the School Board is liable based on the latter three alternative bases for which a municipality may be held liable. None of those three arguments

18

is persuasive.  First, Plaintiff fails to allege that any School Board member made a decision to retaliate against Plaintiff, absent the Complaint's conclusory allegations.  Second, there is no basis to believe the School Board failed to properly train employees.  Third, the isolated incidents of alleged discriminatory actions fall short of a "persistent and widespread" practice that would constitute a custom with the force of law.  Separately, none of the Schools Boards actions or omissions was the "moving force" behind the alleged retaliatory act of refusing to remove the Reprimand Letter.  Therefore, the Court will grant the Motion to Dismiss the Section 1983 claim against the School Board.

### III.  CONCLUSION

For the foregoing reasons, the Court will grant Defendants Fairfax County School Board, Debra Reeder, Kevin North, Dr. Jack Dale, and Dr. Phyllis Pajardo's Motion to Dismiss (Dkt. No. 7). An appropriate order shall issue.

CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
February 21, 2017